IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKEY GLENN LANFORD, # 178374, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 2:20cv820-WHA-SMD |
| ) | [WO] |
| CHARLES TIPTON, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

**I. INTRODUCTION**

Rickey Glenn Lanford, a state inmate at the Red Eagle Honor Farm in Montgomery, Alabama, initiated this action by filing a petition in which he seeks habeas corpus relief under 28 U.S.C. § 2254. Doc. 1. In his petition, Lanford challenges his 2012 convictions entered in the Circuit Court of Madison County, Alabama, for the offenses of trafficking in opiates, possession of a controlled substance, possession of marijuana in the first degree, assault in the second degree, and resisting arrest.[1] Lanford was sentenced as a habitual offender in September 2012, receiving life sentences for the trafficking and assault counts, 25-year

---

[1] Some of the information in this Recommendation about Lanford's convictions, sentence, and appeal was gleaned from Alacourt.com, the online system for Alabama trial courts, https://v2.alacourt.com/.

sentences for the two drug-possession counts, and one year for resisting arrest. Four of the counts were to run concurrently with each other and consecutively to the life sentence imposed on the assault count. Lanford's convictions and sentence were affirmed on appeal.

In his petition for habeas corpus relief under § 2254, Lanford claims that the search warrant that led to the seizure of evidence from his residence in New Market, Alabama, was invalid. Doc. 1 at 3–4. He asserts that the search violated the Fourth Amendment and that the fruits of the search should be suppressed. *Id.* at 3. He maintains that his incarnation is unconstitutional and therefore seeks his immediate release from prison. *Id.*

## II. DISCUSSION

Title 28 U.S.C. § 2241(d) allows Lanford to bring a § 2254 habeas petition in either (a) the federal district court for the district wherein he is in custody (i.e., the Middle District of Alabama, where the Red Eagle Honor Farm is located),[2] or (b) the federal district court for the district within which the state court that convicted and sentenced him was held (i.e., the Northern District of Alabama, where the Circuit Court of Madison County is located). Section 2241(d) provides that this Court "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's

---

[2] The Red Eagle Honor Farm is located in Montgomery, Alabama.

2

§ 2254 petition to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." 28 U.S.C. § 2241(d).

The matters complained of by Lanford stem from his convictions and sentence entered by the Circuit Court of Madison County. The records and witnesses relating to these matters are likely located in Madison County. Therefore, this Court finds that the furtherance of justice and judicial economy will be best served by transferring this case to the United States District Court for the Northern District of Alabama for review and disposition.[3]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 2241(d).

It is further

---

[3] Lanford's petition also asserts a "Second Cause of Action: Civil Rights" (Doc. 1 at 3–4), in which he alleges that the matters underlying his habeas claims—i.e., the allegedly unlawful search of his residence in New Market, Alabama—resulted in his being "restrained of his liberty" in violation of his right to due process under the Fourteenth Amendment, his right to be free from cruel and unusual punishment under the Eighth Amendment, and his right to be free from unlawful searches and seizures under the Fourth Amendment. *Id.* at 4. For the violation of his constitutional rights, he seeks declaratory relief and unspecified compensatory and punitive damages. Lanford may not combine a civil rights action with his petition for habeas corpus relief under § 2254. *Id.* Should he wish to file a civil rights action, he should do so in a separate civil action under 42 U.S.C. § 1983. The Court takes note that none of the events underlying Lanford's "Second Cause of Action" appear to have taken place within this jurisdictions and that all his allegations concern events that took place within the jurisdiction of the United States District Court for the Northern District of Alabama.

ORDERED that the parties shall file any objections to this Recommendation on or before **October 30, 2020**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 16th day of October, 2020.

 /s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE